CLARA MAY SHORE v. EDWIN P. SHORE.

190 So. 48
Opinion Filed June 13, 1939

*Archie Clements,* for Appellant;

*J. Ben Fuqua* and *John B. Singletary,* for Appellee.

PER CURIAM.—It appears from the record that the appellee secured a divorce from appellant on constructive service in Manatee County. Appellant then filed a petition to set the decree of divorce aside. This motion was overruled and the petition was dismissed. The instant appeal was prosecuted from that decree or decrees.

The record and brief of appellant is confusing and indefinite as to what question she relies on. We glean the foregoing from an examination of the pleadings. We have read both the pleadings and the briefs of appellant and so far as we can tell, error is not made to appear.

The responsibility is on counsel to properly prepare and present his brief and record in this Court. The rule is clear as to how his brief should be prepared and the questions for adjudication stated. Natural scientists have developed

a process by which matter or primary substances may be extracted from the ether but legal scientists have developed no such technique. Our system of pleading will not permit it. In pleading, we deal with tangibles and while we should always approach perfection, in the nature of the system, we may never hope to reach it. The lawyer who fails to bear this in mind and in so doing neglects to state his case clearly and concisely must bear the consequences. It is fair to say that counsel who appear here for appellant is in no sense responsible for these deficiencies.

The allegations of the petition, if true, are sufficient to show fraud on the Court that would vitiate the final decree but the petition is not sworn to or supported by affidavits. A motion so filed does not prove itself. Therefore the chancellor can not be held to have committed error. The decrees are affirmed but without prejudice to the defendant filing a sworn petition supported by other proof if she be advised to do so.

Affirmed.

TERRELL, C. J., and WHITFIELD and BUFORD, J. J. concur.

BROWN and THOMAS, J. J., agree with conclusion.

Justice CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.